IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


KEVIN EUGENE BARRON                                                           PLAINTIFF

           v.                           Civil No. 05-5187

JAKE FRANKLIN, Detective,
Springdale Police Department;
ERIC HOLLAND, Detective,
Springdale Police Department;
KEN WHILLOCK, Special Agent;
TRACY SPENCER, Arkansas
State Police ; CRAIG McKEE,
Detective, Springdale Police
Department; and SANE JENTZSCH,
Fourth Judicial Drug Task Force                                               DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Kevin Eugene Barron filed this pro se civil rights action pursuant to 42 U.S.C. § 1983 on November 21, 2005. The complaint was filed in forma pauperis (IFP) subject to a later determination of whether it should be served upon the defendants.

On December 13, 2005, the undersigned entered an order (Doc. 4) directing plaintiff to complete, sign, and return a questionnaire that would be filed as an addendum to his complaint. The addendum was filed on January 9, 2006 (Doc. 7).

## BACKGROUND

Barron maintains his constitutional rights were violated when guns that had been seized from him were sold at auction rather than being turned over to his Mother, Joyce Ann Barron, as required by the terms of his plea bargain. As relief, Barron asks that the guns be returned to his Mother.

The items in question were seized pursuant to a search warrant on August 12, 2004. *Addendum* at ¶ 3. A variety of items were seized including a revolver and a pistol. *Id. & Exhibit* 1.

Barron was arrested and charged with theft by receiving and possession of a controlled substance. *Addendum* at ¶ 3. Barron was represented by Leann Housing, a public defender. *Id.* at ¶ 4. A written plea agreement was reached. *Id.* According to Barron, the plea agreement called for him to serve three years of probation and all of the confiscated items were to be signed over to his Mother, Joyce Barron. *Id.*

Barron entered his plea on February 15, 2005. *Addendum* at ¶ 4. He was sentenced to serve a term of three years probation. *Id.* On August 31, 2005, all items were returned to Barron's Mother except for his guns. *Addendum* at ¶ 5 & *Exhibit* 1 (attached to the Addendum).

Barron has not asked the court to allow him to withdraw his guilty plea. *Addendum* at ¶ 4. His conviction has not been set aside, reversed, or otherwise held to be invalid. *Id.* His parole has been revoked and Barron is currently incarcerated. *Id.*

Barron has named as defendants the following: Jake Franklin, a detective with the Springdale Police Department; Eric Holland, a detective with the Springdale Police Department; Ken Whillock, a special agent; Tracy Spencer, an Arkansas State Police officer; Craig McKee, a detective with the Springdale Police Department; and Sane Jentzsch, a member of the Fourth Judicial Drug Task Force. Each officer was involved in the execution of the search warrant and the seizure of the items. *Addendum* at ¶¶ 6-11.

## DISCUSSION

This case is subject to dismissal. Barron does not allege the search and the seizure of the items was illegal. Instead, he contends that the terms of the plea agreement were breached when

-2-

all items, including his guns, were not returned to his Mother. The only actions alleged on the part of the named defendants is their involvement in the search and seizure.

The remedy for breach of a plea agreement would either be an order enforcing the terms of the plea agreement through specific performance or an opportunity for Barron to withdraw his plea. *See Marbry v. Johnson*, 467 U.S. 504, 510, 104 S. Ct. 2543, 81 L. Ed. 2d 437 (1984). A claim alleging a breach of a plea agreement, which is what the essence of Barron's claim is, cannot be made by way of a civil rights action under § 1983. *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973). Instead, Barron must first raise the claim in state court and then if necessary, after exhausting his state court remedies, he may file a federal habeas corpus action under 28 U.S.C. § 2254.

## **CONCLUSION**

For the reasons stated, I recommend that the case be dismissed as it fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (in forma pauperis action may be dismissed on such grounds at any time).

**Barron has ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Barron is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Dated this 13th day of January 2006.

/s/ Beverly Stites Jones
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)